IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 07-cv-02232-RPM

SUSAN L. DOYLE,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner Social Security,

    Defendant.

_____

ORDER FOR REVERSAL AND REMAND
_____

    Susan L. Doyle applied for Social Security Disability Benefits and Supplemental Security Income on October 7, 2002, claiming onset on May 2, 2001. She was born February 15, 1951 and has had a difficult life. She was abused as a child, pregnant at age 17, relinquishing the child to her parents, was in a brief marriage, had two other children who were relinquished, was the victim of physical abuse, marital rape and acquaintance rape and worked at a number of different jobs, the last employment as a bartender.

    Ms. Doyle lives in Pagosa Springs, Colorado. She had brief service in the United States Army and has received most of her health care through the Veterans Administration medical facilities in Farmington and Albuquerque, New Mexico. She has had mental health care by a social worker from the Durango VA Primary Care Clinic, Beverly Sontag, and has been evaluated at the Southwest Colorado Mental Health Center. She has a history of drug and alcohol abuse in earlier years.

The medical treatment records show a consistent pattern of treatment for complaints of pain and severe headaches. The treatment includes trigger point injections, multiple pain medications and a TENS unit for cervical pain. Muscle spasms have been observed in examinations and during physical therapy. The X-rays and MRI's taken do not reveal objective physical evidence consistent with levels of pain she has consistently reported to the treatment providers.

There have been diagnoses of recurrent major depressive disorder, particularly in an evaluation done at the Albuquerque VA interdisciplinary pain clinic on July 28, 2005, R. 604-618. The treatments provided have been consistent with those diagnoses and for Post-Traumatic Stress Disorder.

The claimant's Social Security applications were denied by a decision of an Administrative Law Judge (ALJ) on October 4, 2004 (R. 450-460) after a hearing held on May 6, 2004. That decision was vacated by an order of the Appeals Council on March 29, 2005, with a remand directing the ALJ to:

> Give further consideration to the claimant's maximum residual functional capacity, and any limitations arising from the claimant's depression, and provide appropriate rationale with specific references to evidence of record in support of assessed limitations (20 CFR 404.1545 and 416.945 and Social Security Ruling 96-8p). R. 462.

The same ALJ conducted a hearing on August 16, 2006, at which the claimant, accompanied by her attorney, gave extensive testimony concerning the limitations on her daily living from pain, severe headaches and depression. R. 656-684.

A vocational expert (VE) reviewed the claimant's past work history under DOT exertional requirements classifications and responded to the ALJ's hypothetical

2

questions. R. 684-693. The sixth hypothetical question asked the VE to assume credibility of the claimant's testimony as to her limitations and the VE answered that no work would be possible for such a person. R. 690-691.

The ALJ did not include pain and headaches in his earlier hypotheticals and relied on the VE's testimony that Ms. Doyle had the residual functional capacity to perform the requirements of the occupations of linen room attendant, cleaner and hand packer. The ALJ rejected the claimant's testimony, essentially disbelieving her statements of pain as not being consistent with any objective medical support for any musculoskeletal condition to which her pain complaints could be attributed.

It is notable that in his first decision the ALJ found that the claimant had "degenerative disc disease of the cervical spine" as a severe impairment (R. 452) but the same ALJ did not include that finding in the second opinion. To the contrary, the ALJ wrote that he was unable to find that the claimant has any medically determinable severe cervical or thoracic spine impairment which results in more than minimal functional limitations. (R. 24). There is no explanation for this difference in findings from the medical records available to the ALJ.

In seeking judicial review under 42 U.S.C. § 405(g), the plaintiff asserts that the ALJ improperly assessed the claimant's credibility and pain and failed to consider her psychological impairments when determining her residual functional capacity. This Court agrees with those assertions.

The ALJ observed that the evidence is more supportive of a finding of psychologically based impairments and that those symptoms appear to have been manifested after the date of the initial hearing. That inference of malingering is

unwarranted and the observation is inaccurate. The VA has treated her for pain since May 1, 2000. (R. 198). She has been on pain medication consistently since then and a variety of treatments have been provided without success. She has had treatment from Dr. Hochla, a VA psychiatrist since June, 2004. He diagnosed a major depression and GAF of 40 at that time and set the goal of providing psychotherapy to deal with chronic pain. (R. 428).

The ALJ failed to make a reasonable effort to obtain medical evidence to evaluate the relationship between the psychological impairments of depression and obsessive compulsive disorder and the plaintiff's chronic pain. The evidence in the record is not sufficient to support his conclusion that Ms. Doyle's sworn testimony as to the limiting and debilitating effects of her pains and headaches is not credible. The ALJ did not comply with the remand order of the Appeals Council. Accordingly, it is

ORDERED that the denial decision is reversed and this matter is remanded for further consideration which should include an evaluation of the claimant by a competent psychiatrist.

DATED: April 6th, 2009

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge